## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TONI HERTZOG, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE NEMOURS FOUNDATION, ) <br> ) <br> Defendant. ) <br> ) | C.A. No.: 23-00603-RGA |

## ANSWER TO COMPLAINT

Defendant The Nemours Foundation ("Nemours") hereby submits its Answer to Toni Hertzog's ("Plaintiff") Complaint (the "Complaint").

## GENERAL DENIAL

Except as expressly stated herein, Nemours denies each and every allegation in the Complaint, including any and all averments and conclusions in the headings and subheadings of the Complaint. Unless otherwise noted, capitalized terms in this Answer shall have the meanings assigned to them in the Complaint. Unless otherwise expressly stated, Nemours' use of the defined terms in the Complaint should not be interpreted as, and is not, an admission that Nemours agrees with Plaintiff's characterization of the defined terms or that the defined terms are accurate.

Nemours further responds to the specific allegations in the Complaint as follows:

## INTRODUCTION

1. Plaintiff, Toni Hertzog ("Plaintiff"), files this action against Defendant The Nemours Foundation, d/b/a/ Nemours Children's Health and Nemours Children's Hospital, Delaware, ("Defendant" "Nemours") for back pay, front pay, compensatory damages, punitive damages and attorneys' fees for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII").

**ANSWER:** Nemours admits that (1) Plaintiff has filed an action against Nemours in the above-captioned case and (2) Plaintiff purports to seek damages. Nemours further admits that

Nemours Children's Hospital, Delaware, which is operated by Nemours, was formerly known as Nemours/A.I. duPont Hospital for Children and that, in 2021, Nemours renamed the hospital Nemours Children's Hospital, Delaware.  Nemours denies that Plaintiff's employment was terminated on the basis of unlawful employment practices and/or discrimination.  Nemours further denies that Plaintiff is entitled to damages of any kind.  The remaining allegations of this paragraph state legal conclusions to which no response is required.

## NATURE OF THE ACTION

2. Defendant employed Plaintiff for approximately eighteen years.

**ANSWER:**  The allegations of this paragraph are admitted.

3. Defendant engaged in religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*.

**ANSWER:** The allegations of this paragraph are denied.

## JURISDICTION

4. This Court has federal question jurisdiction over this cause of action pursuant to 28 U.S.C. § 1331.

**ANSWER:** The allegations of this paragraph state legal conclusions to which no response is required.

5. Venue is proper in this district pursuant to 29 U.S.C. § 1331, as well as 28 U.S.C. § 1391(b).

**ANSWER:** The allegations of this paragraph state legal conclusions to which no response is required.

## PARTIES

6. Plaintiff is a resident of Pennsylvania, who at all times relevant to this Complaint was an employee of Defendant Nemours.

**ANSWER:** Nemours admits only that Plaintiff was employed by Nemours. Nemours lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph.

7. Defendant is an entity duly organized and operating under the laws of the State of Florida, and owns/operates the Nemours Children's Hospital, Delaware which is located at 1600 Rockland Road, Wilmington, DE 19803. Defendant's registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

**ANSWER:** The allegations of this paragraph are admitted. By way of further response, Nemours states that Nemours Children's Hospital, Delaware was formerly known as Nemours/A.I. duPont Hospital for Children and in 2021, Nemours renamed the hospital Nemours Children's Hospital, Delaware.

## ADMINISTRATIVE PROCESS

8. On April 18, 2022, Plaintiff filed a timely Charge of Discrimination with the Delaware Department of Labor ("DDOL") and Equal Employment Opportunity Commission ("EEOC").

**ANSWER:**. Nemours admits that Plaintiff filed a Charge of Discrimination with the DDOL and EEOC. Nemours denies that the Plaintiff filed the Charge of Discrimination on or about April 18, 2022.

9. On March 15, 2023, Plaintiff received a "Dismissal and Notice of Rights" from the DDOL, hereto attached as *Exhibit A*.

**ANSWER:** Nemours is without knowledge or information sufficient to form a belief as to when Plaintiff received the Dismissal and Notice of Rights from the DDOL and so denies the same.

10. On March 31, 2023, Plaintiff received a "Dismissal and Notice of Rights" from the EEOC, hereto attached as *Exhibit B*.

**ANSWER:** Nemours is without knowledge or information sufficient to form a belief as to when Plaintiff received the Dismissal and Notice of Rights from the EEOC, and so denies the same.

11. Plaintiff has satisfied all statutory prerequisites for filing this action.

**ANSWER:** The allegations of this paragraph state legal conclusions to which no response is required.

## FACTS

12. Plaintiff began her employment with Defendant Nemours in August of 2003.

**ANSWER:** The allegations of this paragraph are admitted.

13. Plaintiff was employed by Defendant in the position of Registered Nurse.

**ANSWER:** The allegations of this paragraph are admitted.

14. At all material times herein, Defendant had over 500 employees.

**ANSWER:** Nemours admits that it had over 500 employees at all times relevant to Plaintiff's claims.

15. During the height of the COVID-19 Pandemic, Plaintiff continued to work and treat patients along with many other frontline workers.

**ANSWER:** Nemours admits that Plaintiff was employed with Nemours from 2003 until her employment was terminated effective October 6, 2021, after failing to comply with the Policy (as defined below). Any other allegations of this paragraph are denied.

16. On or around August 6, 2021, Defendant announced a Mandatory COVID-19 Vaccination policy ("Policy"), requiring all non-exempt employees to submit to the COVID-19 vaccine or face termination.

**ANSWER:** Nemours admits that it announced in August 2021 that COVID-19 vaccinations would be mandatory for all associates (i.e., employees). By way of further response, Nemours states that the announcement and Policy is a document that speaks for itself and denies all allegations inconsistent therewith. Any other allegations of this paragraph are denied.

17. Defendant provided a religious accommodation request form which asked individuals to "Describe the religious belief or practice that necessitates this request for accommodation: [*sic*]"

4

**ANSWER:** Nemours states that its policies are documents that speak for themselves and denies all allegations inconsistent therewith. Nemours denies that the quote alleged in this paragraph is found on the religious accommodation request form.

18. On August 31, 2021, Plaintiff submitted a religious accommodation request to be exempt from Defendant's Policy, detailing her faith and adherence to the teachings of her faith. She is a devout practicing Roman Catholic.

**ANSWER:** Nemours admits that Plaintiff submitted a religious accommodation request to be exempt from Nemours' Policy. The other allegations of this paragraph refer to a document that speaks for itself, and Nemours denies all allegations inconsistent therewith. Nemours is without knowledge or information sufficient to form a belief as to Plaintiff's religious practices.

19. In the request, Plaintiff cited to bible verses, the ten commandments and to the National Catholic Bioethics Center ("NCBC") 2021. In addition, Plaintiff provided the website of the NCBC.

**ANSWER:** The allegations of this paragraph refer to a document that speaks for itself, and Nemours denies all allegations inconsistent therewith.

20. Plaintiff included a letter from her priest supporting her request and establishing that she was a devout practitioner with sincere religious beliefs as to the vaccines.

**ANSWER:** Nemours admits only that it received a letter from an individual identifying themselves as a pastor, not priest, which is a document that speaks for itself, and denies all allegations inconsistent therewith.

21. Further, the priest indicated that the Plaintiff's beliefs and acting on one's conscience were supported by the Church's teachings.

**ANSWER:** The allegations of this paragraph refer to a document that speaks for itself, and Nemours denies all allegations inconsistent therewith.

22. On September 10, 2021, Plaintiff was notified that her religious accommodation request was not on Defendant's tracking system and therefore was untimely.

**ANSWER:**  Nemours admits that it responded to Plaintiff's exemption request on September 10, 2021. Any remaining allegations of this paragraph are denied.

23. Plaintiff submitted proof of her timely request for a religious accommodation.

**ANSWER:** This paragraph is unclear as stated.  By way of further response, Nemours states that the COVID-19 Vaccination Religious Exemption Form was to be completed and submitted by September 1, 2021, and Nemours admits that Plaintiff submitted a religious accommodation request to be exempt from Nemours' Policy.  Any remaining allegations of this paragraph are denied.

24. Defendant advised her religious accommodation request would be reviewed as timely.

**ANSWER:**  This paragraph is unclear as stated.  By way of further response, Nemours admits that the plaintiff's religious accommodation request was considered, and that the denial of the exemption request was not related to any untimeliness.  Any remaining allegations of this paragraph are denied.

25. Less than three hours after this notice, Plaintiff was informed her religious accommodation request had been denied.

**ANSWER:** Nemours admits only that it responded to Plaintiff's exemption request on September 10, 2021.  By way of further response, Nemours states that its response to Plaintiff's exemption request is a document that speaks for itself and denies all allegations inconsistent therewith.

26. Defendant failed to discuss any possible reasonable accommodations with Plaintiff.

**ANSWER:** Nemours denies the allegations of this paragraph and further denies that its response to Plaintiff's exemption request violated Title VII or any other law.

27. Defendant failed to engage in any interactive process with Plaintiff regarding her

6

request for accommodation.

**ANSWER:** Nemours denies the allegations of this paragraph and further denies that its response to Plaintiff's exemption request violated Title VII or any other law.

28. Defendant could and did reasonably accommodate other employees.

**ANSWER:** Nemours admits only that it granted some religious exemption requests submitted by associates. Any other allegations of this paragraph are denied.

29. Plaintiff's request for accommodations would not have created an undue hardship on Defendant.

**ANSWER:** The allegations of this paragraph are denied.

30. On October 6, 2021, Plaintiff was terminated as a result of her religious beliefs.

**ANSWER:** Nemours admits only that Plaintiff's employment with Nemours was terminated effective October 6, 2021. Any other allegations of this paragraph are denied.

## CLAIMS AND DAMAGES

Based on the above allegations, Plaintiff maintains the following legal claims against Defendant:

### COUNT I
### Discrimination Based on Religion in Violation of Title VII of the Civil Rights Act of 1964
### (42 U.S.C. §§ 2000e *et seq.* as Amended)

31. The allegations of Paragraph 1 through 30 are incorporated by reference as if fully restated herein.

**ANSWER:** Nemours realleges and incorporates herein by reference, as though set forth in full, the answers to the allegations contained in paragraphs 1 through 30, inclusive.

32. Defendant employs fifteen or more employees and is an "Employer" as defined by 42 U.S.C. § 2000e(b).

**ANSWER:** Nemours admits only that it employs fifteen or more employees. The remaining allegations of this paragraph state legal conclusions to which no response is required. Nemours

7

denies that its actions with regard to Plaintiff violated Plaintiff's rights under Title VII or any other law.

33. At all times relevant hereto, Plaintiff was employed by Defendant and was an "Employee" as defined by 42 U.S.C. § 2000e(f).

**ANSWER:** Nemours admits that it employed Plaintiff between August 2003 and October 6, 2021. The remaining allegations of this paragraph state legal conclusions to which no response is required. Nemours denies that its actions with regard to Plaintiff violated Plaintiff's rights under Title VII or any other law.

34. Plaintiff received her Right to Sue letter from the DDOL on March 15, 2023. Exhibit A. Plaintiff received her Right to Sue letter from the EEOC on March 31, 2022. Exhibit B. Plaintiff has satisfied all statutory prerequisites for filing this action.

**ANSWER:** Nemours lacks knowledge or information sufficient to form a belief as to the first and second sentences of this paragraph, and so denies the same. The third sentence of this paragraph states a legal conclusion to which no response is required.

35. Title VII prohibits employers from "… discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;" 42 U.S.C. § 2000e2(a)(1).

**ANSWER:** Nemours states that Title VII is a statute that speaks for itself and denies all allegations inconsistent therewith. Nemours denies that its actions with regard to Plaintiff violated Plaintiff's rights under Title VII or any other law.

36. In responsive papers to the DDOL, Defendant responded that Plaintiff's objection to the vaccine was personal as opposed to religious and this conclusion is an apparent challenge/denial of Plaintiff's religious beliefs and her sincerity of same.

**ANSWER:** Nemours states that its communication to the DDOL is a document that speaks for itself and denies all allegations inconsistent therewith. The remaining allegations of this paragraph are denied.

37. Defendant dismissed Plaintiff's sincere religious objections concerning the use of fetal stem cells during the development of the vaccines.

8

**ANSWER:** The allegations of this paragraph are denied.

38. Defendant claims Plaintiff's objections were personal, despite the support for her beliefs found on the NCBC, scripture passages and her parish priest's letter.

**ANSWER:** Nemours states that its communication to the DDOL is a document that speaks for itself and denies all allegations inconsistent therewith. The remaining allegations of this paragraph are denied.

39. Defendant in its response to the DDOL, stated it determined "that religious objections to abortion did not constitute a valid basis for a religious exemption."

**ANSWER:** Nemours states that its communication to the DDOL is a document that speaks for itself and denies all allegations inconsistent therewith. By way of further response, Nemours states that the complete quote from its communication with the DDOL is: "Given the attenuated connection between aborted fetal tissue and the Pfizer and Moderna vaccines, the Exemption Committee determined that religious objections to abortion did not constitute a valid basis for a religious exemption from either of those vaccines."

40. Title VII requires employers to make "reasonable accommodations for their employees' religious beliefs and practices, unless doing so would result in 'undue hardship' to the employer." *Id.*, 42 U.S.C. § 2000e(j).

**ANSWER:** Nemours states that Title VII is a statute that speaks for itself and denies all allegations inconsistent therewith. Nemours denies that its actions with regard to Plaintiff violated Plaintiff's rights under Title VII or any other law.

41. Plaintiff has sincerely held religious beliefs, based in Catholicism.

**ANSWER:** Nemours admits only that Plaintiff, in her COVID-19 Vaccination Religious Exemption Form, stated that she "was born and raised in the Catholic Church and have been a devout parishioner all my life." Nemours is without knowledge or information sufficient to form a belief as to Plaintiff's religious practices and so denies the same.

42. Plaintiff practices her faith through prayer and attending church services.

**ANSWER:** Nemours is without knowledge or information sufficient to form a belief as to the allegations of this paragraph and so denies the same.

43. In accordance with Plaintiff's religious beliefs, she was taught that people are made pure in God's image and likeness as the temple of God.

**ANSWER:** Nemours is without knowledge or information sufficient to form a belief as to the allegations of this paragraph and so denies the same.

44. In accordance with her beliefs, Plaintiff has a God-given responsibility to protect the physical integrity of her body.

**ANSWER:** Nemours is without knowledge or information sufficient to form a belief as to the allegations of this paragraph and so denies the same.

45. 1 Corinthians 3:16-7 (KJV): "Know ye not that the temple of God, and that the Spirit of God dwelleth in you? If any man defile the temple of God, him shall God destroy; for the temple of God is holy, which temple ye are."

**ANSWER:** The allegations of this paragraph refer to a scripture quotation that speaks for itself, and Nemours denies all allegations inconsistent therewith.

46. 1 Corinthians 6:19 (KJV): What? know ye not that your body is the temple of the Holy host which is in you, which ye have of God, and ye are not your own?

**ANSWER:** The allegations of this paragraph refer to a scripture quotation that speaks for itself, and Nemours denies all allegations inconsistent therewith.

47. Thus, Plaintiff's sincerely held religious beliefs conflict with Defendant's Policy.

**ANSWER:** The allegations of this paragraph are denied. Nemours further denies that its actions with regard to Plaintiff or the Policy violated Plaintiff's rights under Title VII or any other law.

48. Plaintiff informed Defendant of her sincerely held religious belief when she requested a reasonable accommodation from Defendant's COVID-19 vaccine mandate.

10

**ANSWER:** Nemours admits only that Plaintiff submitted a COVID-19 Vaccination Religious Exemption Form. The remaining allegations of this paragraph are denied.

49. In fact, consistent with Plaintiff's conscience, she declined to be vaccinated, "A human being must always obey the certain judgment of his conscience. If he were delibertly to act against it, he would condemn himself." (Vatican City: Liberia Editrice Vaticana, 1993), www.vatican.va, n. 1790.

**ANSWER:** The allegations of this paragraph refer to a document that speaks for itself, and Nemours denies all allegations inconsistent therewith. Nemours further states that it is without knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph and so denies the same.

50. Further, A [*sic*] person's informed judgements about the proportionality of medical interventions are to be respected unless they contradict authoritative Catholic moral teachings. United States Conference of Catholic Bishops (USCCB), Ethical and Religious Directives for Catholic Health Care Services, 6th ed. (Washington, DC: USCCB Publishing, 2018), n. 28.

**ANSWER:** The allegations of this paragraph refer to a document that speaks for itself, and Nemours denies all allegations inconsistent therewith.

51. There is a general moral duty to refuse the use of medical products, including certain vaccines, that are produced using human cells lines derived from direct abortions. It is permissible to use such vaccines only under certain case-specific conditions, based on a judgment of conscience. Pontifical Academy for Life, "Moral Reflections on Vaccines Prepared from Cells Derived from Aborted Human Fetuses," June 9, 2005; Congregation for the Doctrine of the Faith, Instruction Dignitas personae, 2008, nn. 34-35.

**ANSWER:** The allegations of this paragraph refer to a document that speaks for itself, and Nemours denies all allegations inconsistent therewith.

52. The Congregation for the Doctrine of Faith noted that a key consideration beyond the immorality of the abortion itself, namely that the bodies of human embryos and fetuses must be treated with respect after death and not exploited as mere biological material. Additionally, the scientists must remove themselves from areas of research and development using abortion-derived

11

cell lines even if they were themselves not involved in any abortions or in obtaining human tissue. Dignitas personae (2008).

**ANSWER:** The allegations of this paragraph refer to a document that speaks for itself, and Nemours denies all allegations inconsistent therewith.

53. Pope St. John Paul II noted in *Evangelium vitae*, "Enlightened by this Gospel of life, we feel a need to proclaim it and bear witness to it in all its marvelous newness … [This includes] the affirmation of the inseparable connection between the person, his life, and his bodiliness … [and] the presentation of human life as a life of relationship, a gift of God, the fruit and sign of his love."

**ANSWER:** The allegations of this paragraph refer to a document that speaks for itself, and Nemours denies all allegations inconsistent therewith.

54. Regarding the ethically significant issue of using bodies of humans killed in elective abortions to promote biotech research and development, Christians must "go to the very roots of life and love" to renew our witness to the sanctity of human life and our determination to end the use of abortion-derived cell lines." John Paul II, *Evangelium vitae*, n. 87.

**ANSWER:** The allegations of this paragraph refer to a document that speaks for itself, and Nemours denies all allegations inconsistent therewith.

55. Despite Plaintiff's beliefs, which were consistent with the teachings of her faith, the exemption was summarily denied within three hours.

**ANSWER:** Nemours admits that Plaintiff was denied a religious exemption from the Policy. Any other allegations of this paragraph are denied.

56. As a result of her sincerely held religious beliefs, Plaintiff was terminated on October 6, 2021.

**ANSWER:** Nemours admits that Plaintiff's employment was terminated effective October 6, 2021. Any other allegations of this paragraph are denied.

57. In violation of Title VII, Defendant failed to engage in meaningful interactive process and failed to provide a reasonable accommodation, despite having the ability to accommodate Plaintiff without an undue burden.

**ANSWER:** The allegations of this paragraph are denied.

58. Based upon information and belief, Defendant's treatment of medical exemptions was "less stringent" and judgmental, thus treated more favorable, than the review of religious exemption requests.

**ANSWER:** The allegations of this paragraph are denied.

59. "…religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection. *Fulton v. City of Phila.*, 141 S. Ct. 1868, 1876 (2021).

**ANSWER:** The allegations of this paragraph state legal conclusions as to which no response is required. Furthermore, the allegations of this paragraph refer to a court opinion that speaks for itself, and Nemours denies all allegations inconsistent therewith. By way of further response, Nemours denies that its actions with regard to Plaintiff violated Plaintiff's rights under the First Amendment tor any other law.

60. Defendant's policy burdens Plaintiff's exercise of her religion.

**ANSWER:** The allegations of this paragraph are denied.

61. Plaintiff's exemption request should have been permitted even if a different religious belief dictated a different religious practice.

**ANSWER:** This paragraph is unintelligible as stated. To the extent a response is required, Nemours denies the allegations of this paragraph. By way of further response, Nemours states that (1) efforts were made to de-identify all requests for COVID-19 vaccine exemptions prior to review by the applicable exemption committee, such that an associate's affiliation with the Roman Catholic faith, if any, would not necessarily be disclosed in connection with an exemption request, and (2) the disposition of accommodation requests were not tracked based on religious affiliation, such that the religious affiliation of any individuals who were granted exemptions cannot be determined without an unreasonable and burdensome degree of effort beyond that required under Federal Rule of Civil Procedure 8(b). Nemours expressly denies any inference that it treated the members of any religious faith more favorably.

13

62. Permitting an unvaccinated person on campus for medical reasons poses the same risk as allowing an unvaccinated person for religious reasons and violates Title VII.

**ANSWER:** This paragraph is unintelligible as stated. To the extent a response is required, Nemours denies the allegations of this paragraph. By way of further response, Nemours denies that its actions with regard to Plaintiff violated Plaintiff's rights under Title VII or any other law.

63. Defendant would not have been "unduly burdened" in accommodating Plaintiff's requests as other individuals in the same position have been afforded exemptions from the COVID-19 policy as a reasonable accommodation for their religious beliefs.

**ANSWER:** Nemours admits only Plaintiff submitted a request for religious exemption from the Policy and that Nemours granted some religious exemption requests submitted by associates. Any other allegations of this paragraph are denied. By way of further response, Nemours states that (1) efforts were made to de-identify all requests for COVID-19 vaccine exemptions prior to review by the applicable exemption committee, such that an associate's affiliation with the Roman Catholic faith, if any, would not necessarily be disclosed in connection with an exemption request, and (2) the disposition of accommodation requests were not tracked based on religious affiliation, such that the religious affiliation of any individuals who were granted exemptions cannot be determined without an unreasonable and burdensome degree of effort beyond that required under Federal Rule of Civil Procedure 8(b). Nemours expressly denies any inference that it treated the members of any religious faith more favorably.

64. The denial of Plaintiff's exemption request grounds stated to the DDOL was pretexual and not made at the time the denial was issued.

**ANSWER:** The allegations of this paragraph are denied.

65. If Defendant had looked at the website supplied by Plaintiff for the NCBC, it would have found the writings concerning use of fetal cells during the development and the Church teachings.

**ANSWER:** Nemours is without knowledge or information sufficient to form a belief as to the allegations of this paragraph and so denies the same. The allegations of this paragraph refer to a website that speaks for itself, and Nemours denies all allegations inconsistent therewith.

66. Instead, Defendant punished Plaintiff for her "disfavored" religious beliefs.

**ANSWER:** The allegations of this paragraph are denied. Nemours further denies that its actions with regard to Plaintiff were in any way unlawful.

67. Plaintiff's religious objection to use the aborted fetal cells during the development of the COVID-19 vaccines has a long history within the tenets of Roman Catholicism.

**ANSWER:** Nemours is without knowledge or information sufficient to form a belief as to the allegations of this paragraph and so denies the same.

68. Plaintiff was fired for her sincere religious beliefs although same were discounted by Defendant.

**ANSWER:** The allegations of this paragraph are denied. Nemours specifically denies that its actions with regard to Plaintiff violated Plaintiff's rights under Title VII or any other law.

69. Plaintiff is aware of at least three other patient treating nurses who were exempted from Defendant's vaccine mandate.

**ANSWER:** Nemours is without knowledge or information sufficient to form a belief as to the allegations of this paragraph and so denies the same. By way of further response, Nemours states that (1) efforts were made to de-identify all requests for COVID-19 vaccine exemptions prior to review by the applicable exemption committee, such that an associate's title or position would not necessarily be disclosed in connection with an exemption request, and (2) the disposition of accommodation requests were not tracked based on title or position, such that the title or position of any individuals who were granted exemptions cannot be determined without an unreasonable and burdensome degree of effort beyond that required under Federal Rule of Civil Procedure 8(b).

Nemours expressly denies any inference that it treated the members of any religious faith more favorably.

70. Those that provided a religious exemption also raised the fetal cell use as part of an objection to the vaccine.

**ANSWER:** This paragraph is unintelligible as stated. To the extent a response is required, the allegations of this paragraph are denied.

71. Defendant has subjected Plaintiff to discrimination and failed to accommodate her on the basis of her religious beliefs in violation of Title VII by denying Plaintiff a reasonable accommodation and ultimately terminating her for her sincerely held religious beliefs.

**ANSWER:** The allegations of this paragraph are denied. Nemours specifically denies that its actions with regard to Plaintiff violated Plaintiff's rights under Title VII or any other law.

72. Plaintiff, as a nurse of many years and one who worked during the height of the pandemic, was qualified in her position.

**ANSWER:** The allegations of this paragraph are denied.

73. Defendant's decision that Plaintiff's beliefs were based on inaccurate facts, her personal beliefs, is evidence of discriminatory intent. The Exemption Committee determined that religious objections to abortion did not constitute a valid basis for a religious exemption.

**ANSWER:** The allegations of this paragraph are denied.

74. Plaintiff's objection and religious beliefs were fully documented, and Defendant challenged Plaintiff's sincerity and truthfulness improperly.

**ANSWER:** The allegations of this paragraph are denied.

75. The actions of Defendant were deliberately, intentionally, willfully, purposefully, and knowingly done in violation of federally protected rights.

**ANSWER:** The allegations of this paragraph are denied. Nemours specifically denies that its actions with regard to Plaintiff violated Plaintiff's rights under Title VII or any other law.

76. Defendant either knew or showed negligent or reckless disregard for the matter of whether its conduct violated federal rights.

**ANSWER:** The allegations of this paragraph are denied. Nemours specifically denies that its actions with regard to Plaintiff violated Plaintiff's rights under Title VII or any other law.

77. Defendant's actions were outrageous and taken with evil or improper motive, in bad faith, out of personal animus, or motivated by bias and without supporting reasonable grounds.

**ANSWER:** The allegations of this paragraph are denied. Nemours specifically denies that its actions with regard to Plaintiff violated Plaintiff's rights under Title VII or any other law.

78. Defendant's actions were wanton and malicious or taken with reckless indifference to rights protected under federal law.

**ANSWER:** The allegations of this paragraph are denied. Nemours specifically denies that its actions with regard to Plaintiff violated Plaintiff's rights under Title VII or any other law.

79. Plaintiff's religion made a difference in all actions adverse to her.

**ANSWER:** The allegations of this paragraph are denied.

80. Plaintiff's religions, and/or protected activity was a motivating or determinative factor in all actions adverse to her.

**ANSWER:** The allegations of this paragraph are denied.

81. This is direct evidence that religion played a role in Plaintiff's discharge as well as a challenge to Plaintiff's sincerity and claim that the beliefs are religious resulting in her termination, in violation of Title VII.

**ANSWER:** The allegations of this paragraph are denied. Nemours specifically denies that its actions with regard to Plaintiff violated Plaintiff's rights under Title VII or any other law.

82. Plaintiff has suffered damages as a result of Defendant's unlawful discriminatory actions, including past and future lost wages and benefits, compensatory damages, and the cost of bringing this action.

**ANSWER:** The allegations of this paragraph are denied.

## RESPONSE TO PRAYER FOR RELIEF

Nemours denies that Plaintiff is entitled to any of the relief sought in the prayer for relief.

## DEFENSES

Further answering the Complaint, Nemours asserts the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses as required by law, regardless of how such defenses are denominated herein. Nemours reserves the right to assert additional defenses that become known through the course of discovery, further litigation in this action, and development of case authority.

### FIRST DEFENSE

The Complaint fails to state any claim against Nemours upon which relief can be granted.

### SECOND DEFENSE

Nemours' conduct toward and treatment of Plaintiff was at all times based upon reasonable, legitimate, and non-discriminatory business reasons.

### THIRD DEFENSE

At all times relevant hereto, Nemours acted in good faith and has not violated any rights which may be secured to Plaintiff under federal, state, or local laws, rules, regulations, or guidelines.

### FOURTH DEFENSE

Nemours did not treat similarly situated employees outside Plaintiff's protected class more favorably.

### FIFTH DEFENSE

Plaintiff's requested accommodation posed an undue hardship on the conduct of Nemours' business, as accommodating requests for an exemption based on the same grounds asserted by Plaintiff would have created an unacceptable level of risk to Nemours' patients and their families. The increased risk of infection and severe illness to Plaintiff and other Nemours' associates would

have strained an already overburdened healthcare system, including by increasing staff absences due to illness during a period of staffing shortages and by requiring that Nemours conduct weekly testing of a large number of associates.

### SIXTH DEFENSE

Any damages claims Plaintiff may have are barred due to and to the extent of her failure to mitigate.

### SEVENTH DEFENSE

Plaintiff's compensatory damages, if any, combined with punitive damages, if any, for her Title VII claim are subject to a statutory maximum. *See* 42 U.S.C. § 1981a(b)(3).

### EIGHTH DEFENSE

Nemours is not a government actor and has no obligations to its associates, including Plaintiff, under the First Amendment to the United State Constitution.

### NEMOURS' PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth above, Nemours respectfully requests that the Court:

1. Dismiss the Complaint with prejudice;

2. Enter judgment in favor of Nemours and against Plaintiff;

3. Award all costs, fees, and expenses to Nemours to the extent permitted by law; and

4. Award such other and further relief as the Court deems proper.

                              POTTER ANDERSON & CORROON LLP

By: */s/ Jennifer Gimler Brady*
     Kathleen Furey McDonough (#2395)
     Jennifer Gimler Brady (#2874)
     Jennifer Penberthy Buckley (#6264)
     Elizabeth R. Schlecker (#6913)
     Hercules Plaza, 6th Floor
     1313 North Market Street
     Wilmington, DE 19801
     (302) 984-6000 – Telephone
     kmcdonough@potteranderson.com
     jbrady@potteranderson.com
     jbuckley@potteranderson.com
     eschlecker@potteranderson.com

Dated: June 27, 2023
10872743 / 09115.00179

*Attorneys for Defendant The Nemours Foundation*